UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAKA KWANZAA, | Civil Action No. 25-19061 (SDW-CF) |
| Plaintiff, | |
| v. | OPINION |
| ADMINISTRATOR REYNOLDS, et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. *Pro se* Plaintiff Chaka Kwanzaa filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint") (ECF No. 1) and application to proceed *in forma pauperis* ("Application") (ECF No. 7).

2. This Court has reviewed Plaintiff's Application and finds that he has satisfied the requirements to proceed *in forma pauperis*. Therefore, this Court will grant the Application and direct the Clerk to file the Complaint.

3. The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a plaintiff proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

4. To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d

303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. This Court "must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed *pro se* litigants should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). However, "*pro se* litigants must still allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

6. The Complaint alleges that Plaintiff had an altercation with Defendant Unique Jones in Atlantic City on November 8, 2025. (ECF No. 1 at 3). According to Plaintiff, "Defendant Jones 'inadvertently' struck herself, there was no malicious intent or malice on my part to constitute an alleged assault." (*Id.*) Plaintiff turned himself into police on December 1, 2025. (*Id.*)

7. Plaintiff further alleges that a hearing on a temporary restraining order was held on December 4, 2025 and that there was "no mention of ill will to arbitrary [sic] harm … ." (*Id.*)

8. Plaintiff was confined in the Jail in allegedly unconstitutional conditions. (*Id.*) He also alleges "[j]udicial defendants failed to timely conduct detention hearings and disregarded exculpatory evidence" and that the prosecutors engaged in misconduct. (*Id.*) He further asserts Jail medical staff were deliberately indifferent to his medical needs. (*Id.*) Finally, he alleges the

Social Security Administration's ("SSA") records are inaccurate. (*Id.*; *see also* ECF No. 5). This Court will dismiss the Complaint for failure to state a claim.

9. To state a claim for relief under § 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). There is no indication that Defendant Jones is a state actor; instead, she appears to be a private citizen with whom Plaintiff had an altercation "involving a shovel." (ECF No. 6 at 3).

10. "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). "Section 1983, thus, protects against constitutional violations by the State, but 'not against wrongs done by individuals.' In other words, individual § 1983 liability attaches only in instances where the State is responsible for the specific conduct causing the alleged harm." *Surina v. S. River Bd. of Educ.*, No. 17-cv-2173, 2018 WL 1327111, at *3 (D.N.J. Mar. 15, 2018) (quoting *United States v. Price*, 383 U.S. 787, 799 (1966)), *aff'd*, No. 20-2804, 2022 WL 264464 (3d Cir. Jan. 27, 2022). As Plaintiff has not provided any facts indicating Jones is either a state actor or was working jointly with state actors, this Court will dismiss the claims against Jones. *See also Hohsfield v. Staffieri*, No. 21-cv-19295, 2021 WL 5086367, at *5 (D.N.J. Nov. 1, 2021) ("Merely reporting a crime does not transform a private citizen into a state actor for the purposes of 42 U.S.C. § 1983.").

11. The Complaint is also partially blocked by judicial immunity. "It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]" *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000) ("[I]mmunity will not be lost merely because the judge's action is 'unfair' or controversial."). "[Judicial] immunity is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11. "First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity." *Id.* "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12.

12. Plaintiff alleges Judge Scherfner, Judge John Doe 1, and Judge John Doe 2 ("judicial defendants") "failed to conduct timely hearings." (ECF No. 6 at 4). Conducting proceedings is a core judicial function, so the judicial defendants have immunity for Plaintiff's claims. *See Stump*, 435 U.S. at 359 ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.") These claims are dismissed with prejudice. 28 U.S.C. § 1915(e)(2)(B)(iii).

13. Plaintiff's claims against the SSA are improperly joined. Plaintiff seeks review of the SSA's benefit determinations and allegedly inaccurate record keeping. (ECF No. 5 at 1). "Misjoinder of claims occurs when, among other things, the events that give rise to the plaintiff's claims do not stem from the same transaction." *Thompson v. Ferguson*, 849 F. App'x 33, 36 (3d Cir. 2021) (per curiam). Plaintiff's challenge to the SSA's recordkeeping and benefit determinations are unrelated to Plaintiff's claims related to his arrest and confinement at the Jail. This Court declines to sever these claims into a new complaint because Plaintiff has not alleged facts indicating he has pursued administrative remedies before the SSA before filing the

Complaint. *See* 42 U.S.C. § 405(g) (providing for judicial review of a final decision made by the Commissioner of Social Security). Therefore, this claim will be dismissed.

14. Plaintiff has not sufficiently alleged facts denial of medical care, malicious prosecution,[1] unlawful arrest and detention, and unconstitutional conditions of confinement. These claims will be dismissed without prejudice.

15. This Court is mindful that it may not dismiss a complaint without providing leave to amend unless it finds bad faith, undue delay, prejudice or futility. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000). Plaintiff may be able to allege facts that would cure the deficiencies identified above, so this Court will grant plaintiff 45 days to submit a proposed amended complaint.

16. The proposed amended complaint will be subject to § 1915 review prior to service, and failure to submit a proposed amended complaint within 45 days of the accompanying order will convert the order into a dismissal of all claims with prejudice without further action by this Court.

17. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: February 3, 2026

---

[1] Plaintiff is advised that prosecutors are entitled to "absolute immunity … for work 'intimately associated with the judicial phase of the criminal process.'" *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)). "[P]rosecutors are immune from claims arising from their conduct in beginning a prosecution, including soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings, presenting a state's case at trial, and appearing before a judge to present evidence." *Id.* (cleaned up) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Burns*, 500 U.S. at 491-92; *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992)).