**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAKA KWANZAA, | Civil Action No. 25-19061 (SDW-CF) |
| Plaintiff, | |
| v. | OPINION |
| ADMINISTRATOR REYNOLDS, et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1.      This Court dismissed *pro se* Plaintiff Chaka Kwanzaa's civil rights complaint on February 3, 2026.  (ECF No. 10).  Plaintiff has now submitted a proposed amended complaint ("Amended Complaint") for this Court's review pursuant to 28 U.S.C. § 1915(e)(2).  (ECF No. 11).[1]

2.      This Court found that the original Complaint did "not sufficiently allege[] facts denial of medical care, … unlawful arrest and detention, and unconstitutional conditions of confinement."  (ECF No. 9 ¶ 14).  The Amended Complaint does not comply with this Court's instructions to "to allege facts that would cure the deficiencies identified above … ."  (*Id.* ¶ 15).

---

[1] Plaintiff submitted a document labeled as an amended complaint against the Social Security Administration on February 20, 2026.  (ECF No. 12).  This must be filed as a separate civil action as Plaintiff's claims against the Social Security Administration are unrelated to his claims against Atlantic City Jail defendants.  This Court will order the Clerk to file that complaint as a separate civil action.

1

3.      The Amended Complaint asserts that all claims against prosecutors have been removed but that "[a]ll remaining claims are administrative, operational, and non-immune." (ECF No. 11 ¶ 8).[2]  There are no further facts in the Amended Complaint.

4.      Accordingly, this Court will dismiss the Amended Complaint without prejudice.

5.      Plaintiff may have one final opportunity to submit a proposed second amended complaint that contains facts to support his claims.  Plaintiff may have 45 days to submit a proposed second amended complaint.

6.      The proposed second amended complaint will be subject to § 1915 review prior to service, and failure to submit a proposed second amended complaint within 45 days of the accompanying order will convert the order into a dismissal of all claims with prejudice without further action by this Court.

7.      An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: February 25, 2026

---

[2] To the extent this is intended as disagreement with this Court's determination that Plaintiff's claims against Judge Scherfner, Judge John Doe 1, and Judge John Doe 2 were barred by judicial immunity, Plaintiff's argument is a legal conclusion that this Court need not accept as true.